846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zebi ZEBULON, Defendant-Appellant.
 No. 87-5623.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1988.
Decided April 28, 1988.
 
 Lisa Bondareff Kemler (William B. Moffitt on brief) for appellant.
 Peter George Djinis, Trial Attorney, Department of Justice, Criminal Division (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before WILKINSON, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and THOMAS SELBY ELLIS, III United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Zebulon appeals his conviction of possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He asserts that the district court erred in denying his motion for disclosure of the identity of a confidential informant. Because we find no abuse of discretion by the district court, we affirm.
 
 I.
 
 2
 On April 16, 1987, Detective Ronald Hairston, on assignment with the Drug Enforcement Agency, received a phone call from a confidential informant who said that he knew of a Jamaican named Zebi who was interested in selling cocaine and marijuana. This Jamaican was later identified as the Appellant, Zebi Zebulon. Hairston instructed the informant to contact the Jamaican and tell him that Hairston wanted to buy five ounces of cocaine and one pound of marijuana.
 
 
 3
 Later that day, Hairston and the informant met at a public telephone booth and called Zebulon's telephone paging number, or "beeper," and left a message for Zebulon to call the public booth number. Shortly thereafter, Zebulon called back, the informant answered, and then repeated everything that Zebulon said to enable Hairston to hear both sides of the conversation as the informant made arrangments for the purchase of the specified amounts of cocaine and marijuana. The informant was to drive to Zebulon's residence in Washington, D.C. and pick him up. Hairston, who was described to Zebulon as the informant's partner, was to follow Zebulon and the informant in another car with the money.
 
 
 4
 Hairston and the informant drove to Zebulon's residence in separate automobiles, followed clandestinely by other policemen. The informant picked up Zebulon and, pursuant to Zebulon's directions, drove to a local shopping center parking lot. While en route, Zebulon told the informant that the marijuana ordered was not available. The informant then made arrangements to purchase an additional two ounces of cocaine in place of the marijuana for approximately the same amount of money. Upon arriving at the shopping center parking lot, Zebulon exited the car and walked to a phone booth located some distance away in the parking lot. At that time, the informant told Hairston that Zebulon had agreed to obtain two additional ounces of cocaine in place of the marijuana, and Hairston approved this arrangement.
 
 
 5
 Approximately twenty minutes after arriving at the shopping center, Zebulon was picked up near the phone booth in a car driven by Jose Angel Villar. Villar drove Zebulon to where Hairston was waiting in the parking lot. Hairston got into the car with Zebulon and Villar, and the informant remained in the parking lot. Villar began to pull out of the parking lot and told Hairston that they were going to drive around the beltway to complete the transaction. Hairston protested because the agents were not prepared to arrest Zebulon and Villar away from the parking lot. His protest was based on his need to get the money out of his car. Hairston then asked Zebulon and Villar if they had the cocaine, and they responded affirmatively. Hairston then got out of Villar's car and walked toward his car as if to retrieve the money. Upon returning to Villar's car, he observed Villar showing Zebulon a large plastic bag which appeared to contain cocaine. Villar and Zebulon were then arrested.
 
 
 6
 Zebulon filed a motion to compel the Government to disclose the identity of the confidential informant. The district court denied the motion. Zebulon appeals, asserting that the informant was an active participant in the transaction and that Zebulon was deprived of his due process rights. We find that Zebulon's claim is without merit. Accordingly, the decision of the district court is affirmed.
 
 II.
 
 7
 Disclosure of the identity of a confidential informant is within the sound discretion of the trial court. United States v. Smith, 780 F.2d 1102, 1108 (4th Cir.1985). In determining whether disclosure is warranted, the court must consider the extent of the informant's participation. Roviaro v. United States, 353 U.S. 53 (1957).
 
 
 8
 Zebulon asserts that the confidential informant here was an active participant in all events leading to Zebulon's arrest, therefore disclosure of the informer's identity is warranted. This assertion is without merit, and the authorities cited by Zebulon are inapposite.[1] Here, the confidential informant acted not as an integral participant, but rather as a mere conduit, or "middleman," by introducing Hairston to Zebulon. See United States v. Brinkman, 739 F.2d 977 (4th Cir.1984). Although the informant arranged for the purchase of two additional ounces of cocaine while alone in the car with Zebulon, it was Hairston who consummated the deal with Appellant and Villar while these three were in Villar's automobile. The informant, therefore, while perhaps more than a mere tipster, was not an "integral participant" in the drug transaction. See Brinkman, 739 F.2d at 981. Also, Zebulon has failed to show how the informant's testimony would significantly aid in establishing any defense proffered by Zebulon. United States v. Diaz, 655 F.2d 580, 588 (5th Cir.1981), cert. denied, 455 U.S. 910 (1982). Accordingly, having found no abuse of discretion, the decision of the district court is affirmed.
 
 
 
 [1]
 See United States v. Price, 783 F.2d 1132 (4th Cir.1986); McLawhorn v. North Carolina, 484 F.2d 1 (4th Cir.1973)